IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON JONES, | ) |
|           Plaintiff, | ) Civil Action No. 06 - 1209 |
| v. | ) Judge Terrence F. McVerry |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| LORI LAPINA, Physician Assistant; STANLEY FALOR, Physician; and JOHN or JANE DOE, Medical Records Supervisor, | ) |
|           Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 20) be granted.

**II.     REPORT**

Plaintiff, Damon Jones, an inmate currently confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania, filed this lawsuit under the Civil Rights Act of 1871, 42 U.S.C. §1983 against the following Defendants: Lori Lapina, Physicians Assistant; Stanley Falor, Medical Doctor and John or Jane Doe, Medical Record Supervisor. In this action, Plaintiff alleges that, with respect to a previous lawsuit filed by Plaintiff in this Court at Civil Action No. 04-0015, Defendants submitted inaccurate medical records in support of their motion for summary judgment. As Defendants correctly assert, Plaintiff's Complaint fails to state a claim upon which relief may be granted because Defendants are immune from liability in this action.

A. Standard of Review – Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. In order to

survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 1275 S.Ct. 1955, 1974 (2007) (citations omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 1965. The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

B. Absolute Immunity

Plaintiff seeks to impose liability against Defendants based on their actions in acting as witnesses in support of Defendants' summary judgment motion in Civil Action No. 04-0015. In this regard, in a limited number of circumstances, government officials are entitled to absolute immunity from a suit for damages. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). The grant of absolute immunity from suit has been used "quite sparing," and is confined to official functions in which the exposure to liability would invariably impede the official in the performance of his or her duties. Forrester v. White, 484 U.S. 219, 223-24 (1988).

Judges generally are accorded absolute immunity in the performance of "truly judicial acts" performed within their lawful jurisdiction. Forrester, 484 U.S. at 226-27. Certain other specified officials, such as administrative law judges, and federal and state prosecutors, enjoy absolute immunity in the performance of functions that are "closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). Absolute immunity shields not only these decisionmakers, but also other individuals who perform discretionary tasks that play an integral part in the decisionmaking process. *Id.* Thus, where the official's responsibilities are closely analogous to the adjudicative functions of a judge, or are intimately associated with the

judicial process itself, that official may enjoy absolute immunity from suit for actions taken to fulfill those particular responsibilities. Buckley v. Fitzsimmons, 509 U.S. at 271.

Witnesses providing testimony at trial and during pre-trial proceedings function as an arm of the court and, as such, are protected by the same absolute judicial immunity that protects judges. McArdle v. Tronetti 961 F.2d 1083, 1085 (3d Cir. 1992) (internal citations omitted). *See also* Briscoe v. LaHue, 460 U.S. 325, 330-46 (1983) (officer testifying in criminal trial enjoys absolute immunity from civil immunity for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness entitled to absolute immunity from civil liability under §1983 for perjured testimony at preliminary hearing and suppression hearing).

Plaintiff asserts liability against Defendants based on their alleged actions of filing false exhibits, including inaccurate medical records, in Civil Action No. 04-0015. Because Defendants were acting as witnesses in Civil Action No. 04-0015, they are entitled to absolute immunity from damages in this action.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 20) be granted based on Defendants' absolute immunity.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

May 29, 2007

                                                                         _____
                                                                          Lisa Pupo Lenihan
                                                                          U.S. Magistrate Judge

cc:      Judge Terrence F. McVerry
           United States District Court

           Damon Jones
           AY-2983
           SCI Greene
           175 Progress Drive
           Waynesburg, PA 15370