IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON JONES, | ) |
| Plaintiff, | ) Civil Action No. 06 - 1209 |
| | ) |
| | ) Judge Terrence F. McVerry |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| LORI LAPINA, Physician Assistant; STANLEY FALOR, Physician; and JOHN or JANE DOE, Medical Records Supervisor, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 20) be granted and that Plaintiff's Motion to Substitute an Executor or Administrator for Defendant Stanley Falor, M.D., Because of His Death (ECF No. 65) be denied as moot .

**II.  REPORT**

Plaintiff, Damon Jones, an inmate currently confined at the State Correctional Institution at Graterford, Pennsylvania, filed this lawsuit under the Civil Rights Act of 1871, 42 U.S.C. §1983 against the following Defendants:  Lori Lapina, Physicians Assistant; Stanley Falor, Medical Doctor and John or Jane Doe, Medical Record Supervisor.  In this action, Plaintiff alleges that, with respect to a previous lawsuit filed by Plaintiff in this Court at Civil Action No. 04-0015, Defendants submitted inaccurate medical records in support of their motion for summary judgment. Specifically, Jones asserts that in defending Civil Action No. 04-0015, Defendants Lapina and Dr. Falor filed a motion for summary judgment supported by false exhibits that they created including inaccurate medical records that he claims they changed.  As a result of these alleged inaccurate medical records

the Honorable Terrence F. McVerry, Judge of the United States District Court for the Western District of Pennsylvania, granted the motion for summary judgment of Lapina and Dr. Falor at Civil Action No. 04-0015.

On February 26, 2008, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted based on two grounds (ECF No. 20). First, they asserted that they have absolute immunity because they functioned as witnesses. Second, they asserted that the complaint fails to contain any assertions of physical injury as a result of their actions as required by 42 U.S.C. §1997e(e). On April 7, 2008, this Court sent the following Order to Plaintiff.

> Pursuant to the Federal Rules of Civil Procedure Plaintiff was to respond to this Motion within 30 days of filing. No response has been received. Plaintiff is ordered to file a response no later than 5/5/08. If you fail to comply with this Order, the motion will be decided without the benefit of Plaintiff's response.

After Plaintiff failed to file any response to Defendants' Motion, this Court filed a Report and Recommendation on May 29, 2008 (ECF No. 22) recommending to grant Defendants' Motion to Dismiss on the basis that Defendants are immune from liability in this action. The Report was sent to the Plaintiff and he was advised that he had until June 16, 2008 to file written objections. No objections were filed. On June 25, 2008, the District Court granted Defendants' Motion to Dismiss (ECF No. 24).

On July 2, 2008, Plaintiff filed a Motion to Alter or Amend the Judgment (ECF No. 25) claiming that he had not received a copy of the defendants' Motion to Dismiss or the Report and Recommendation. On July 8, 2008, the District Court entered a text order denying Plaintiff's Motion. On that same date, however, the District Court entered another text order granting Plaintiff the opportunity to respond to Defendants' Motion by July 28, 2008. On July 23, 2008, Plaintiff filed

a lengthy response to Defendants' Motion including eleven exhibits in support (ECF No. 27).

On August 7, 2008, Plaintiff appealed the District Court's July 8, 2008 Order denying his Motion to Alter or Amend the Judgment, which was docketed in that court at number 08-3452. On September 9, 2009, the District Court denied Plaintiff's Renewed Motion to Alter or Amend the Judgment on the basis that it lacked jurisdiction to consider the motion because Plaintiff had filed an appeal to the United States Court of Appeals. On September 12, 2008, Plaintiff appealed the District Court's August 9, 2008 Order denying his Renewed Motion to Alter or Amend the Judgment, which was docked in that court at number 08-3452.

On October 8, 2009, the Court of Appeals for the Third Circuit issued the following order regarding Plaintiff's appeals.

> The foregoing has been considered by the Court and is ruled upon as follows. We note first that although the District Court's first July 8, 2008 order denied Jones' first motion to alter or amend, its second July 8, 2008 order gave Jones an opportunity to respond to the Defendants-Appellees' motion to dismiss and the Magistrate Judge's Report and Recommendation. As that is essentially the relief Jones sought in his first motion to alter or amend, Jones' appeal from the first order is moot. Moreover, the order effectively reopened the case and, as a result, there was no longer a final, appealable order in the case. Accordingly, we dismiss the appeal docketed at 08-3452.
>
> With regard to the appeal docketed at 08-3893, this matter is remanded to the District Court to consider the Defendants-Appellees' motion to dismiss in light of Jones' response. The District Court was incorrect in its conclusion that it lacked jurisdiction because of Jones' first notice of appeal. Jones' motion to quash Appellees' brief is denied.

ECF No. 57 (internal citations omitted).

On November 13, 2009, Plaintiff filed a Renewed Response to Defendants' Motion to Dismiss (ECF No. 51). Based on averments contained in Plaintiff's Renewed Response, Defendants requested leave of Court to file a brief memorandum of law in reply (ECF No. 56). On February 11,

2010, the Court granted Defendants' Motion and allowed Defendants to file a Reply Brief (ECF No. 55). In their Reply Brief filed on February 9, 2010, Defendants, for the first time, asserted that Plaintiff is barred from litigating the claims raised in the present action under the doctrine of claim preclusion. On March 1, 2010, Plaintiff filed a Response (ECF No. 58). On April 2, 2010, Defendants' filed a Sur-Reply Brief (ECF No. 60). Plaintiff filed a Sur-Response on April 15, 2010 (ECF No. 61).[1] In his responses, Plaintiff argues that Defendants should have asserted their preclusion defense in their original motion to dismiss and that the failure to do so results in waiver.

The defense of claim preclusion (also known as *res judicata*) typically is raised as an affirmative defense. General Elec. Co. v. Deutz AG, 270 F.3d 144, 158 (3d Cir. 2001). In fact, Rule 8(c) of the Federal Rules of Civil Procedure states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . res judicata . . ." Fed. R. Civ. P. 8(c). Generally, a failure to plead a requisite affirmative defense results in the forced waiver of that defense and its exclusion from the case. Trio Process Corp. v. L. Goldstein's Sons, Inc., 461 F.2d 66, 74 (3d Cir. 1972). However, the Court of Appeals for the Third Circuit has held that waiver of an affirmative defense may not result if the defendant "raised the issue at a pragmatically sufficient time, and the [opposing party] was not prejudiced in its ability to respond." Kleinknecht v. Gettysburg Coll., 989 F.2d 1360, 1373-74 (3d Cir. 1993). Therefore, federal courts have allowed an affirmative defense to be asserted in a variety of procedural circumstances, up to the eve of trial, so long as the affirmative defense does not surprise or unfairly prejudice the opposing party. *See, e.g.*, Kleinknecht, 989 F.2d at 1373-74 (allowing affirmative defense first raised in motion for summary judgment); Charpentier v. Godsil, 937 F.2d 859, 863-64 (3d Cir.1991) (allowing

---

1. Also, on May 4, 2010, Defendants filed a Suggestion of Death as to Defendant Dr. Stanley Falor (ECF No. 62). On September 30, 2010, Plaintiff filed a Motion to Substitute an Executor or Administrator for Defendant Stanley Falor, M.D., Because of His Death (ECF No. 66).

affirmative defense first raised in trial brief); Dennis v. General Imaging, Inc., 918 F.2d 496, 499-500 (5th Cir.1990) (allowing affirmative defense first raised after answer to motion for summary judgment). Moreover, courts are reluctant to find a waiver of these defenses and will permit them to be raised for the first time by summary judgment motion. *See, e.g.*, Courteau v. United States, Civil No. 02-0659, 2007 WL 1456198 (D.N.J. May 14, 2007), *aff'd*, 287 Fed. App'x 159 (3d Cir. 2008) (collecting cases); Holland v. Bramble, 638 F. Supp.2d 429 (D. Del. 2009) (inmate, who was acquitted of criminal charges for alleged assault on guard in correctional facility, did not waive collateral estoppel as an affirmative defense to guard's civil assault counterclaim based on same incident, in inmate's § 1983 action against guard, even though inmate did not plead such affirmative defense in his response to the counterclaim; there was no surprise or unfair prejudice to guard).

Here, Defendants have a pending motion to dismiss and have not yet filed an answer to the complaint with their affirmative defenses. Thus, it does not appear that any waiver has occurred. Moreover, it does not appear that Plaintiff is unduly prejudiced by Defendants' assertion of this defense. He successfully sought relitigation of Defendants' Motion to Dismiss; he can hardly complain that Defendants successfully amended their motion to dismiss as he has been allowed ample opportunity to respond to their amended motion and has filed two responses thereto. These circumstances simply do not support Plaintiff's waiver argument. Thus, the Court will review this issue on the merits.

### A. Standard of Review – Motion to Dismiss

Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference

to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).[2] It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of

---

2. *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Carpenters, 459 U.S. 519, 526 (1983).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

In addition, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)) For the reasons set forth herein, it would be futile to allow Plaintiff the opportunity to file an

amended complaint in this action.

## B. Claim Preclusion

Courts require "that a plaintiff present in one suit all the claims for relief that he may have arising out of he same transaction or occurrence." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). A plaintiff is barred from raising additional claims in a subsequent action under the doctrine of "claim preclusion" (or *res judicata*). Huck v. Dawson, 106 F.3d 45, 48 (3d Cir. 1997) ("it is well established that *res judicata* precludes a party both from relitigating matters already litigated and decided and from litigating matters that have never been litigated, yet should have been advanced in an earlier suit"). *Res judicata* is designed to avoid piecemeal litigation of claims arising from the same events. General Elec. Co. v. Deutz AG, 270 F.3d 144, 158 and n.5 (3d Cir. 2001).

Federal law of claim preclusion requires a defendant to demonstrate the following:

1. a final judgment on the merits in a prior suit;
2. the same parties or their privies; and
3. a subsequent suit based on the same cause of action.

Lubrizol Corp., 929 F.2d at 963.

In the present action, Defendants have proved the first two requirements for claim preclusion. Plaintiff's prior civil rights action at Jones v. Falor, et al, Civil No. 04-001, involved the same defendants and resulted in a final judgment on the merits by virtue of the District Court Order dated November 11, 2004. Thus, the remaining issue is whether the prior action involved the same "cause of action" under the third requirement for claim preclusion.

There is no simple test for determining what constitutes the same cause of action for claim preclusion purposes. Lubrizol, 929 F.2d at 963. The Court of Appeals for the Third Circuit has instructed the courts to review the "essential similarity of the underlying events giving rise to the

various legal claims." *Id*. (internal quotations and citations omitted). In conducting this inquiry, the court must focus upon whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same. *Id*. (quoting <u>United States v. Athlone Indus., Inc.</u>, 746 F.2d 977, 984 (3d Cir. 1984)). A mere difference in the theory of recovery is not dispositive. *Id*.

Plaintiff's current action involves the same parties, the same facts and the same injury as his previous action filed at Civil No. 04-0015. In that action, he contended he did not receive adequate medical care for a locking knee problem resulting from an alleged left knee meniscus tear injury. He asserts that Dr. Falor and Lapina filed a dispositive motion in the prior suit and attached his medical records. He alleges that he realized that Dr. Falor and Lapina had altered the medical records in order to defeat his knee injury claims when he received the motion and attached records, which was docketed on September 13, 2004. The Honorable Terrence F. McVerry granted summary judgment in favor of defendants in Plaintiff's prior action and Plaintiff appealed the decision to the United States Court of Appeals for the Third Circuit. That Court affirmed the judgment for defendants in a non-precedential written opinion. Plaintiff then sought a writ of *certiorari* from the United States Supreme Court, which was denied.

Plaintiff was fully aware of his claim of falsified medical reports on September 13, 2004, the date Defendants filed the alleged fraudulent documents. Thus, in both suits, the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations all are the same. The "essential similarity of the underlying events giving rise to the various legal claims" reveals that Plaintiff should have raised his "fraud" claim in his prior action. *Accord* <u>Cooney v. Booth</u>, 210 Fed. App'x 213 (3d Cir. 2007) (finding fraud claim was barred by collateral estoppel based on prior medical malpractice case).

Plaintiff, an accomplished litigant in federal court, is well aware of his ability to seek review of an alleged error by the courts. Plaintiff had a full and fair opportunity in his prior suit to litigate every aspect of his current claim for relief, including the accuracy of the medical records on which defendants' motion for summary judgment relied. Specifically, Plaintiff could have raised this issue in his prior suit in his response to defendants' motion, his objections to the report recommending that defendants' motion be granted, his motion to alter or amend the judgment and/or his appeal to the Court of Appeals for the Third Circuit. At any of these stages he could and should have raised the issue of the disputed medical records. In affirming the District Court, the Court of Appeals held as follows.

> As to the events in question that are not time-barred, the record is clear that summary judgment was properly entered. Jones' knee injury was initially identified in mid-2002. He was referred for an MRI examination in August 2002 and found to have a meniscus tear. In February 2003, Jones was referred to an orthopedist, who recommended surgery. That surgery was performed on March 31, 2003. Jones was afforded post-operative physical therapy and numerous follow-up visits with prison medical staff. On this record, we find no evidence from which a reasonable trier of fact could conclude that the defendant medical personnel were deliberately indifferent to Jones' needs with regard to his left knee. Although Jones complains primarily about the timing of his treatment, a rational jury could not conclude that the medical defendants impermissibly denied, delayed, or prevented Jones from receiving needed treatment.

Jones v. Falor, 135 Fed. App'x 554, 556 (3d Cir. 2005), *cert. denied*, 549 U.S. 944 (2006). Plaintiff even filed a petition for certiorari in the United States Supreme Court where he could have raised his fraud claim.

There simply is no basis to allow Plaintiff another opportunity to litigate his fraudulent records claim in the instant action. Accordingly, Defendants' Motion to Dismiss the Complaint based on claim preclusion should be granted.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 20) be granted and that Plaintiff's Motion to Substitute an Executor or Administrator for Defendant Stanley Falor, M.D., Because of His Death (ECF No. 65) be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

October 18, 2010

Lisa Pupo Lenihan
U.S. Magistrate Judge

cc:  Damon Jones
     AY-2893
     SCI Graterford
     P.O. Box 244
     Graterford, PA 19426